**SIGNED THIS: October 07, 2005**

_____
**LARRY LESSEN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                          )
                               )    In Bankruptcy
CONSTANCE LYNN STELBRINK,       )
                               )    Case No. 04-75142
              Debtor.          )
_____)
                               )
WENDELL D. EVELAND,            )
                               )
              Plaintiff,       )
                               )
     v.                        )    Adversary No. 05-7047
                               )
CONSTANCE LYNN STELBRINK,       )
                               )
              Defendant.       )
```

## O P I N I O N

This proceeding is before the Court on the Plaintiff's Motion

for Summary Judgment.  The Defendant has filed a Response in

Opposition to Motion for Summary Judgment.

On March 29, 1999, the Defendant, Constance Lynn Stelbrink, stabbed Wendell Gene Eveland once through the heart with a kitchen knife.  Mr. Eveland died as a result of the injury.  Criminal charges were not brought against the Defendant.

The Plaintiff, Wendell D. Eveland, Administrator of the Estate of Wendell Gene Eveland, filed a wrongful death action against the Defendant in the Sangamon County Circuit Court on April 21, 2000.  Count I of the complaint alleged that the Defendant "carelessly and negligently" stabbed a knife into the chest of Mr. Eveland.  Count II alleged that the Defendant "wantonly and willfully" stabbed Mr. Eveland to death.  The Defendant filed an answer through her attorney and participated in limited discovery, but the attorney subsequently withdrew and the Defendant stopped participating in the action in late 2001.  On March 15, 2002, a default judgment on the issue of liability was entered against the Defendant.  The case was called for a jury trial on August 9, 2004, and the court docket shows the following:

> Cause called for jury trial.  Plaintiff present represented by Attorney Ronald G. Kesinger.  Defendant fails to appear.  Voir dire examination conducted with six jurors being selected and sworn.  Opening statement made.  Plaintiff presents evidence and rests.  Closing argument heard.  Jury instructed orally and in writing and retire to consider their verdict in the custody of the sworn bailiff.  Jury returns in open court with the following verdict: We, the jury, find for the Plaintiff, Wendell D. Eveland, Administrator of the Estate of Wendell Gene Eveland, Deceased, and against the following Defendant, Connie L. Stelbrink.  We assess the

> Plaintiff's damages in the amount of $10,010,278.  We
> itemize the damages as follows: Medical and Funeral
> Expenses: $10,278; Loss of Society: $10,000,000.
> Plaintiff moves for Court to apportion the award between
> the widow and the son.  Judgment entered on the verdict
> and the Court awards $9,500,000 to the son and $510,278
> to the widow.  Attorney Kesinger is to prepare written
> order within seven (7) days.

The jury verdict did not indicate whether it was being entered on

the negligence count or the wanton and willful count.

The Defendant filed her petition pursuant to Chapter 7 of the

Bankruptcy Code on November 19, 2004.  The Plaintiff filed this

adversary proceeding to determine the dischargeability of the $10

million wrongful death judgment pursuant to 11 U.S.C. § 523(a)(6),

which provides as follows:

> (a)  A discharge under section 727... of this title
> does not discharge an individual debtor from any debt-
>
> . . . .
>
> (6) for willful and malicious injury by
> the debtor to another entity or to the
> property of another entity[.]

A determination of nondischargeability under § 523(a)(6)

requires the plaintiff to prove three elements by a preponderance

of the evidence: (1) that the debtor intended to and caused an

injury to the creditor or the creditor's property interest; (2)

that the debtor's actions were willful, and (3) that the debtor's

actions were malicious.  In re Mulder, 307 B.R. 637, 641 (Bankr.

N.D. Ill. 2004).  These requirements are often inferred from the

circumstances surrounding the injury at issue.  In re Lazzara, 287

B.R. 714, 723 (Bankr. N.D. Ill. 2002).

The word "willful" in § 523(a)(6) means deliberate or intentional injury, not merely a deliberate and intentional act that leads to injury. <u>Kawaahau v. Geiger</u>, 523 U.S. 57, 61 (1998). The debtor must have intended the consequences of her act; injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). <u>Id.</u> *at* 64.

An act is "malicious" if it is taken "in conscious disregard of one's duties or without just cause of excuse..." <u>In re Thirtyacre</u>, 36 F.3d 697, 700 (7th Cir. 1994). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. <u>In re Paul</u>, 266 B.R. 686, 696 (Bankr. N.D. Ill. 2001).

The Plaintiff has filed a motion for summary judgment. The Plaintiff relies on the state court wrongful death judgment and the doctrine of collateral estoppel which precludes the relitigation of issues previously determined in another court. <u>Brown v. Felsen</u>, 442 U.S. 127, 139 (1979). Federal courts, including bankruptcy courts, must give full faith and credit to the collateral estoppel effects of state court judgments under state standards. <u>Gouveia v. Tazbir</u>, 37 F.3d 295, 300 (7th Cir. 1994). In this proceeding, the Court must apply the Illinois law of collateral estoppel to the Illinois wrongful death judgment. <u>In re Catt</u>, 368 F.3d 789, 790-91

-4-

(7th Cir. 2004). Under Illinois law, the essential elements for the application of collateral estoppel are: (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior case, and (3) there must have been a final judgment on the merits in the prior action. Kalush v. Deluxe Corp., 171 F.3d 489, 493 (7th Cir. 1999). The failure of a defendant to attend a trial does not prevent issue preclusion in a subsequent action, so long as the prior action was actually litigated in the defendant's absence. Matter of Caton, 157 F.3d 1026 (5th Cir. 1998) (collateral estoppel may be applied to default judgments under Illinois law).

This Court recently observed that "[i]f a state court finds that a debtor intentionally injured a creditor, the bankruptcy court is required under the doctrine of collateral estoppel to hold the debt nondischargeable." In re Butler, 297 B.R. 741, 747-48 (Bankr. C.D. Ill. 2003). In this proceeding, the state court record does not indicate that the state court found that the Defendant intentionally injured Mr. Eveland. The Plaintiff's complaint alleged both a negligence count and a willful and wanton count. Neither the default judgment as to liability nor the jury verdict awarding the $10 million in damages specified that judgment was being entered on the willful and wanton count. In light of this ambiguous record, the Court cannot apply the doctrine of

-5-

collateral estoppel.  Therefore, a genuine issue of material fact exists as to whether the stabbing was the result of a negligent act or a willful and malicious act.

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###